Brett L. Foster, #6089
bfoster@hollandhart.com
HOLLAND & HART LLP
60 E. South Temple, Suite 2000
Salt Lake City, Utah 84111
Telephone: (801) 799-5800
Fax: (801) 799-5700

Conor F. Farley, Colo. Bar. No. 31622
cfarley@hollandhart.com
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80201-8749
Telephone: (303) 295-8000
Fax: (303) 295-8261

*Attorneys for Plaintiffs*

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUN 3 0 2010

BY D. MARK JONES, CLERK

DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAJOR BOB MUSIC,<br>WB MUSIC CORP.,<br>ELLIOTT/JACOBSEN MUSIC PUBLISHING COMPANY,<br>UNIVERSAL MUSIC CORPORATION,<br>UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING INC.,<br>EMI VIRGIN MUSIC INC., and<br>SONY/ATV TUNES LLC,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SOUTH SHORE SPORTS BAR & GRILL, INC. and CREIGHTON G. CHUN,<br><br>　　　　Defendants. | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT<br><br><br>Case No. 2:08-cv-689<br><br>Judge Dee Benson |

The Court has considered the motion for default judgment filed by Plaintiffs, included the arguments and exhibits presented therein, including the detailed declaration of Mr. Douglas Jones, the Litigation Administrator for the Association of Composers, Authors, and Publishers ("ASCAP"). Based on the foregoing, the Court finds and concludes as follows:

**FINDINGS OF FACT**

1. Plaintiffs filed their Complaint in this action on September 11, 2008. A copy of the summons and complaint was served on Defendants South Shore Sports Bar & Grill, Inc. and Creighton C. Chun on November 22, 2008. The returns of service were filed with the Court on December 3, 2008. Because Defendants did not appear, answer, or otherwise respond by the deadline of December 12, 2008, Plaintiffs moved for entry of default on January 28, 2009. The Clerk of the Court entered default on January 29, 2009. Plaintiffs moved for default judgment on May 14, 2010.

2. "MUCH TOO YOUNG (TO FEEL THIS DAMN OLD)," "FEEL LIKE MAKING LOVE," "PAPA DON'T PREACH," "THE THUNDER ROLLS," "DO YOU REALLY WANT TO HURT ME," and "MY BABY LOVES ME" (hereinafter collectively referred to as "the Copyrighted Works") are original works written by Garth Brooks and Randy Taylor, Paul Rodgers and Mich Ralphs, Brian Elliot, Garth Brooks and Patrick J. Alger, Roy Hay, John Moss, George O'Dowd (a/k/a Boy George), and Michael Craig (a/k/a Culture Club), and Gretchen Peters, respectively. They are afforded protection and properly registered under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq.

3. Plaintiffs MAJOR BOB MUSIC, WB MUSIC CORP., ELLIOTT/JACOBSEN MUSIC PUBLISHING COMPANY, UNIVERSAL MUSIC CORPORATION, UNIVERSAL-

POLYGRAM, INTERNATIONAL PUBLISHING INC., EMI VIRGIN MUSIC INC., and SONY/ATV TUNES LLC, own the Copyrighted Works, respectively.

4. Plaintiffs are all members of ASCAP to which they granted the nonexclusive right to license non-dramatic public performances of the Copyrighted Works.

5. Plaintiffs also granted ASCAP a non-exclusive right to enforce the copyrights in Plaintiffs' songs, including but not limited to the Copyrighted Works.

6. On behalf of Plaintiffs and its other members, ASCAP licenses thousands of music users, including radio and television networks, commercial radio, and television stations, restaurants, nightclubs, and other establishments whose owners desire to perform lawfully the copyrighted musical compositions in the ASCAP repertory.

7. During the period from February 17, 2006, through June 24, 2007, representatives of ASCAP repeatedly offered Defendants an ASCAP license to perform lawfully the copyrighted musical compositions in the ASCAP repertory at Defendants' establishment, South Short Sports Bar & Grill.

8. Specifically, during this period, ASCAP representatives contacted Defendants over two dozen times by letters and telephone calls and in-person, as part of ASCAP's unavailing efforts to persuade Defendants to obtain a license for South Short Sports Bar & Grill, which would have enabled Defendants to perform lawfully ASCAP's members' copyrighted songs, thereby avoiding this litigation.

9. ASCAP repeatedly advised Defendants that in order to perform lawfully any of the copyrighted musical compositions in the ASCAP repertory at South Short Sports Bar & Grill, permission is required from either ASCAP or the individual copyright owners directly.

10. Nevertheless, Defendants committed copyright infringement on the night of March 12, 2008, by publicly performing the Copyrighted Works at South Short Sports Bar & Grill. All performances of the Copyrighted Works occurred without a license from ASCAP, or permission obtained from either Plaintiffs or anyone acting on their behalf.

11. Defendants' conduct in causing the Copyrighted Works to be performed on their premises without a license was knowing and deliberate. For almost two years before the infringing performances on which this action is based occurred, Defendants knew that South Short Sports Bar & Grill was not licensed to perform copyrighted musical compositions in the ASCAP repertory, and that the unlicensed performances of such music constituted copyright infringement, exposing them to liability and the risk of paying substantial monetary damages.

12. Nevertheless, Defendants deliberately chose to disregard the rights and protections afforded to Plaintiffs under the Copyright Law. They have persistently refused since at least February 2006, to obtain an ASCAP license for their establishment, despite continuing to perform copyrighted songs in the ASCAP repertory without permission, and despite repeated reminders from ASCAP that unauthorized public performances of copyrighted songs constituted infringements of copyrights.

13. By their persistent refusal to obtain an ASCAP license in response to ASCAP's repeated requests for them to do so, Defendants have thus far "saved" license fees of approximately $4,100 – the license fee amount Defendants would have paid if properly licensed by ASCAP from February 2006 through the end of this year.

**CONCLUSIONS OF LAW**

1. ASCAP undertook extensive efforts to inform Defendants of their responsibilities under the Copyright Act and their potential liability. In light of ASCAP's numerous contacts with Defendants about the need for permission to perform publicly copyrighted music, and Defendants' refusal to obtain a license for any performances of music, Defendants' public performance of the Copyrighted Works on March 12, 2008, was knowing, deliberate, and willful. *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1132 (D. Colo. 2008); *International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 380 (7th Cir. 1988); *U.S. Songs, Inc. v. Downside Lenox, Inc.*, 771 F. Supp. 1220, 1228 (N.D. Ga. 1991).

2. The Copyright Law, 17 U.S.C. § 502(a), provides in pertinent part: "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of copyright."

3. Recognizing that plaintiffs in this type of action represent all of ASCAP's members, the courts now routinely enjoin defendants from performing any and all music in the ASCAP repertory. *See Girlsongs*, 625 F. Supp. 2d at 1130; *Ram's Horn Music v. Foundry Entm't, Inc.*, 1992 WL 125344, *2 (E.D. La. 1992); *Brockman Music v. Miller*, 1990 Copy. L. Rep. (CCH) 26,602, 1990 WL 132486, at *2 (W.D. Mich. March 28, 1990); *Brockman Music v. Mass Bay Lines, Inc.*, 7 U.S.P.Q.2d 1089, 1091 (D. Mass. 1988); and *S. Nights Music Co. v. Moses*, 669 F. Supp. 305, 306 (C.D. Cal. 1987). Plaintiffs are entitled to similar relief here.

4. The Copyright Act, 17 U.S.C. § 504(c)(1), provides in pertinent part: "[T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of

statutory damages for all infringements involved in that action, with respect to any one work . . . in a sum not less than $750 or more than $30,000 as the Court considers just."

5.  "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.1984); *Girlsongs*, 625 F. Supp. 2d at 1130 (same) (citing *Harris*); *see also F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952).

6.  In *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, the United States Supreme Court held that merely awarding plaintiffs damages equal to lost profits does not sufficiently deter infringements. Thus, courts should formulate a damage award that will achieve the deterrent purposes served by the statutory damages provision. The Supreme Court said:

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to the infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may if it deems it just, impose a liability within the statutory limits to sanction and vindicate statutory policy.

*Id.*, 344 U.S at 233.

7.  Another court has put it more bluntly: infringers should not be free to "sneer" in the face of the Copyright Act; courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it. *International Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 659 (N.D. Ill. 1987), *aff'd*, 855 F.2d 375 (7th Cir. 1988); *see also Girlsongs*, 625 F. Supp. 2d at 1131 (same) (citing *International Korwin Corp.*).

8. Recognizing the important deterrent purpose served by statutory damages, the courts routinely award as statutory damages in cases such as this amounts that are between two and three times the license fees owed. *See, e.g., Girlsongs*, 625 F. Supp. 2d at 1132 (following entry of default judgment, awarding statutory damages of $10,000 for five infringements; license fees owed would have been approximately $3,500); *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497 (E.D. Va. 2009) (statutory damages of $10,500 - license fees "saved" $4,508); *M.L.E. Music v. Julie Ann's, Inc.*, 2008 Copyright L. Dec. (CCH) ❏29,582 (M.D. Fla. 2008) (statutory damages of $10,900.87 – precisely three times the license fees saved – $3,375.46 plus ASCAP's investigative costs of $774.49 – and attorneys' fees of $12,987.08); *Morganactive Songs, Inc. v. Padgett*, 81 U.S.P.Q. 2d 1433 (M.D. Ga. 2006) (awarding statutory damages of $2,000 per infringement, totaling $14,000; license fees "saved" were $6,837.02); *Broadcast Music Inc. v. Entertainment Complex*, 198 F. Supp. 2d 1291 (N.D. Ala. 2002) (total damage award of $43,000; license fees would have totaled approximately $14,400); *JMV Music, Inc. v. Cichran*, 2000 WL 1863478, at *2 (D. Kan. Nov. 16, 2000) (awarding statutory damages of $3,000 for each of three infringements; license fees "saved" were approximately $4,000); *Nick-O-Val Music Co. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 828 (M.D. Fla. 1987) ($2,500 for each of twenty infringements; license fees "saved" would have totaled approximately $22,000); *Halnat Publ'g Co. v. L.A.P.A., Inc.*, 669 F. Supp. 933 (D. Minn. 1987) (on motion for default judgment, statutory damages of $3,750; license fees "saved" would have totaled approximately $1,770); *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1003 (D.C. Va. 1985) ($1,500 for each of three infringements; license fees "saved" would have totaled approximately $2,100). *See also EMI Mills Music, Inc. v. Empress Hotel, Inc.*, 470 F. Supp. 2d 67, 76 (D.P.R. 2006) (awarding statutory damages of

7

$15,000 per infringement, totaling $60,000; license fees "saved" were approximately $18,000); *Odnil Music, Ltd. v. Katharsis LLC*, 2006 Copy. L. Rep. (CCH) 29,222 (E.D. Cal. 2006) (awarding statutory damages of $3,000 per infringement, totaling $12,000; license fees owed were $3,401.71)); *Canopy Music, Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 916-17 (E.D. Wis. 1997) (statutory damages of $40,000; license fees owed would have been approximately $23,000); *Bonnyview Music Corp. v. Jones Eastern of the Grand Strand, Inc.*, 1993 Copy. L. Rep. (CCH) 27,040, 26,129–30 (D.S.C. 1992) (following entry of default judgment, statutory damages of $105,000; license fees owed would have been approximately $84,000); *Golden Torch Music Corp. v. Pier III Cafe, Inc.*, 684 F. Supp. 772 (D. Conn. 1988) (following entry of default judgment, statutory damages of $8,000; license fees owed would have been approximately $1,490); *Coleman v. Payne*, 698 F. Supp. 704 (W.D. Mich. 1988) ($5,000 for each of ten infringements; license fees "saved" would have totaled approximately $5,400); *Int'l Korwin Corp.*, 855 F.2d at 379 ($1,500 for each of seven infringements; license fees "saved" would have totaled approximately $3,500); *Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889 (W.D. Pa. 1985) ($2,500 for each of forty-nine infringements; license fees "saved" would have totaled approximately $77,800); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 914 (D. Conn. 1980) ($1,000 for each of twenty-three infringements; license fees "saved" would have totaled approximately $6,000).

9. In this case, because Defendants repeatedly rejected and ignored ASCAP's offers of a license, acted as if they are not subject to the copyright laws, and have continued to perform copyrighted works in the ASCAP repertory, Defendants are knowing, deliberate, and willful infringers.

10. Given Defendants' blatantly willful conduct, an appropriate statutory damages award in this case is $2,000.00 per infringement for a total of $12,000.00, which is less than three times the license fees "saved" of approximately $4,100 and well within the statutory range of $750 to $30,000 per infringement under 17 U.S.C. § 504(c)(1). This amount should serve as a deterrent to Defendants' further infringing conduct and serve as well the other objectives of the Copyright Law. To award less would reward Defendants for their deliberate failure to comply with the law and send the wrong message to other potential infringers.

11. The Copyright Act provides for the imposition of costs and attorneys' fees in favor of the prevailing party:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

12. "Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989); *Girlsongs*, 625 F. Supp. 2d at 1132 (same) (citing *Frank Music Corp.*). *See also Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

13. In *Milene Music, Inc.*, on facts very similar to this case, the Rhode Island District Court concluded that:

> The defendants have deliberately and knowingly infringed upon plaintiffs' copyrights; and subsequent to such infringement, have forced the plaintiffs to engage lawyers and to resort to the courts to enforce the proprietary interests in the copyrights. The defendants,

> in the court's view, have come forward with no justification for
> their actions, nor any colorable grounds upon which defense or
> mitigation could be predicted. The Court believes that this
> litigation fairly cries out for an award of attorneys' fees.

*Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1298 (D.R.I. 1982); *Girlsongs*, 625 F. Supp. 2d at 1132 (same) (citing *Milene Music, Inc.*).

14. Here, Defendants knowingly and deliberately infringed upon Plaintiffs' copyrights, refused to obtain permission to perform copyrighted materials, and forced this matter to be litigated. Plaintiffs are therefore entitled to recover reasonable attorneys' fees in the amount of $6,589.00. *See Girlsongs*, 625 F. Supp. 2d at 1132 (following entry of default judgment, awarding statutory damages of $10,000 for five infringements; license fees owed would have been approximately $3,500) (on motion for default judgment, awarding attorneys' fees of $14,322.00 and costs of $1,941.99); *Divine Mill Music v. Blackmon's, Inc.*, 2008 Copyright L. Dec. (CCH) ⁋ 29,654 (S.D. Ill. 2008) (on motion for default judgment, awarding attorneys' fees and costs of $5,121.60).

15. In addition, Plaintiffs are entitled to recover costs incurred in this action in the amount of $1,235.85.

16. 28 U.S.C. § 1961 specifies that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Plaintiffs are entitled to post-judgment interest on the monetary award.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. Defendants South Shore Sports Bar & Grill, Inc. and Creighton C. Chun, and all persons in active concert or participation with one or both of them, are hereby permanently enjoined and restrained:

a. from publicly performing, without a license to do so, the musical compositions in the repertory of ASCAP, including but not limited to the following six copyrighted musical compositions: "MUCH TOO YOUNG (TO FEEL THIS DAMN OLD)," "FEEL LIKE MAKING LOVE," "PAPA DON'T PREACH," "THE THUNDER ROLLS," "DO YOU REALLY WANT TO HURT ME," and "MY BABY LOVES ME";

b. from causing or permitting any of those musical compositions to be publicly performed, without a license to do so, in, at, or by South Short Sports Bar & Grill, or any other business owned, controlled, operated, maintained, or conducted, in whole or in part, directly or indirectly, by one or more of the Defendants;

c. from aiding or abetting the unlicensed public performance of any of those musical compositions; and

d. from otherwise infringing the copyright in any of those musical compositions.

2. Plaintiffs shall recover from Defendants South Shore Sports Bar & Grill, Inc. and Creighton C. Chun, jointly and severally, statutory damages in the amount of twelve thousand dollars ($12,000.00), which is an award of two thousand dollars ($2,000.00) for each of the six copyrighted musical works infringed at South Short Sports Bar & Grill on March 12, 2008.

3. Plaintiffs also shall recover from Defendants South Shore Sports Bar & Grill, Inc. and Creighton C. Chun, jointly and severally, reasonable attorneys' fees in the amount of $6,589.00.

4. Plaintiffs also shall recover from Defendants South Shore Sports Bar & Grill, Inc. and Creighton C. Chun , jointly and severally, costs in the amount of $1,235.85.

5.  Plaintiffs shall further recover from Defendants South Shore Sports Bar & Grill, Inc. and Creighton C. Chun , jointly and severally, interest on the aforementioned statutory damages, costs, and attorneys' fees from the date of entry of judgment at the applicable statutory rate.

Date: June 30 , 2010.

_____
U.S. District Judge

4850787_1.DOC